

DA 12-0674

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 197N

CITY OF LAUREL,

      Plaintiff and Appellee,

  v.

DENNIS LINN HOWSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 12-0453
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Benjamin J. LaBeau, Labeau Law Firm, LLC, Billings, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Tammy K Plubell, Assistant
Attorney General, Helena, Montana

          Matt Wilcox, Laurel City Attorney, Laurel, Montana

Submitted on Briefs:  May 29, 2013

Decided:  July 16, 2013

Filed:

_____

Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Dennis Linn Howson (Howson) appeals from the District Court's order affirming the Justice Court's denial of his motion to dismiss or, alternatively, to suppress evidence.  The issue on appeal is whether the District Court correctly concluded that the police officer had a particularized suspicion that Howson was committing an offense before he had stopped Howson.  We affirm.

¶3      On the evening of December 14, 2011, just before 9:00 p.m., a Laurel police officer observed Howson traveling between 21 and 25 miles per hour on East Main Street in Laurel; the speed limit was 45 miles per hour.  The officer followed Howson and, after watching him cross over the center line while maneuvering through a curve, the officer pulled Howson over to conduct an investigatory stop.  After investigating further, the officer arrested Howson for driving under the influence of alcohol.

¶4      Howson was charged in the Laurel Municipal Court, which is not a court of record, with driving under the influence of alcohol, having an open container in his vehicle, and violating the minimum speed regulation.  On February 28, 2012, Howson filed a motion to dismiss or, alternatively, to suppress evidence.  Howson argued in his motion that the officer

2

lacked a particularized suspicion to conduct an investigative stop and that the stop was, therefore, illegal. The Municipal Court denied Howson's motion on June 1, 2012.

¶5 After the Municipal Court denied Howson's motion, in accordance with a plea agreement, Howson pleaded guilty to misdemeanor DUI. Pursuant to the plea agreement, the other charges were dismissed and Howson reserved his right to appeal the denial of his motion. Howson appealed to the District Court, and the District Court affirmed the Municipal Court's denial of Howson's motion. The District Court found that the officer had pulled Howson over because of his slow speed and inability to maintain his lane of traffic. Based on all of the circumstances, the District Court concluded that the officer had the requisite particularized suspicion to justify an investigatory stop. Howson now appeals from the District Court order.

¶6 Howson argues that his slow speed did not give the officer a particularized suspicion because the speed limit on East Main Street changes from 45 miles per hour to 25 miles per hour and because no traffic built up behind him. He also argues that his inability to stay within his lane of traffic did not give the officer a particularized suspicion because he crossed over the centerline at a section of the road where most drivers navigate the curve by driving onto the yellow line of the turn lane.

¶7 A police officer may conduct an investigative stop to determine whether to arrest a person if the officer has a particularized suspicion that the person has committed, is committing, or is about to commit a crime. Section 46-5-401(1), MCA. To prove that the officer had a sufficient particularized suspicion to stop a vehicle, the State must show (1)

3

objective data from which an experienced officer can make certain inferences; and (2) a resulting suspicion that the vehicle's occupant is or has been engaged in wrongdoing. *State v. Reynolds*, 272 Mont. 46, 50, 899 P.2d 540, 542 (1995).

¶8 Whether a particularized suspicion existed is based on the objective quantity, content, and reliability of information available to the officer. *State v. Flynn*, 2011 MT 48, ¶ 11, 359 Mont. 376, 251 P.3d 143. A defendant's after-the-fact explanation of conduct that objectively appeared suspicious may affect his or her ultimate liability for a charged offense, but it has no bearing on whether the officer possessed a particularized suspicion to justify a stop. *Flynn*, ¶¶ 11-12. The officer does not have to consider every possible innocent explanation before concluding that particularized suspicion exists. *Flynn*, ¶ 11.

¶9 Howson's after-the-fact explanation of his objectively suspicious behavior has no bearing on whether the officer had a particularized suspicion when he conducted the investigatory stop. The District Court found that the officer pulled Howson over because of his slow speed and inability to stay within his lane of traffic. That objective data was sufficient to give an experienced officer a resulting suspicion that Howson was engaged in wrongdoing. The District Court correctly concluded that the officer had a particularized suspicion sufficient to justify an investigative stop.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law. We find no reason in fact or law to disturb the District Court's order.

4

¶11 Affirmed.

/S/ MIKE McGRATH


We concur:

/S/ BRIAN MORRIS
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE